■ JOCELYN K. TAYLOR, Respondent-Appellant, v DOUGLAS C. TAYLOR, Appellant-Respondent. — Order entered November 30, 1984 in Supreme Court, New York County (Hortense Gabel, J.), which, *inter alia,* granted plaintiff exclusive occupancy of the marital abode pendente lite and directed defendant to pay all carrying charges for the apartment, is unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of denying the grant of exclusive possession of the marital premises to the plaintiff wife, and the order is otherwise affirmed, without costs.

At issue is whether Special Term abused its discretion in granting the plaintiff wife exclusive occupancy of the marital apartment and in awarding joint custody of the children to the parties. The parties were married on March 25, 1972 and have two children by the marriage, born in 1977 and 1981, respectively. The wife commenced this action in 1984 and moved for a pendente lite order awarding her, *inter alia,* exclusive occupancy of the marital apartment (a co-op penthouse at 860 Park Avenue), custody of the children and temporary maintenance and child support. Defendant cross-moved for exclusive possession of the apartment and custody of the children.

On August 8, 1984 the court entered an order awarding plaintiff $400 weekly maintenance, $100 weekly in child support, and directed defendant to pay all carrying charges and utilities on the apartment. The cross motions for exclusive occupancy were denied, the court finding that the parties had failed to make a sufficient demonstration that such drastic relief was necessary in order to protect the safety of persons or prop-

erty. The question of child custody was referred for a hearing and the matter noticed for trial on October 30, 1984.

On November 16, 1984, plaintiff secured an order to show cause, returnable November 19, 1984, seeking an order of protection based on alleged incidents of physical and verbal abuse said to have occurred on November 9 and 13, 1984. At a hearing on November 19th on this question, the court restricted evidence to the facts relating to the protective order, and on at least two occasions refused to consider questions on matters relating to custody and exclusive possession, indicating that the matter of custody would be taken up at the plenary trial scheduled for December 5, 1984.

The hearing on the order of protection was continued to November 29th and 30th, on which dates plaintiff's counsel asked the court to reconsider the question of exclusive occupancy of the apartment and for permission to renew and reargue the motion for exclusive possession. The court granted the request and plaintiff's counsel argued certain incidents of November 13th and other testimony regarding scenes between the couple which had created anxiety for the children. Defense counsel requested a separate hearing on the issue of exclusive occupancy, stating that plaintiff merely wanted to get him out of the apartment, and that the apartment was bought in 1978 as a gift from his grandmother, and thus, is his own separate property.

The court, *sua sponte,* and upon application of plaintiff's attorney, vacated its prior order denying exclusive possession and substituted the order which is the object of the present appeal, i.e., granting exclusive possession of the apartment and joint custody of the children.

While we are aware that the court has the power, under proper circumstances, to direct temporary possession of the marital abode, we are of the belief that the hearing below did not provide a clear and sufficient basis for the drastic remedy of granting exclusive possession pendente lite of the marital apartment to the wife, particularly in view of the fact that the case was scheduled for a plenary trial five days later. Rather, we believe that since exclusive possession had already been denied by a prior order, the court's hasty reversal of itself was, at the very least, precipitous, and amounted to an abuse of discretion. Indeed, there may be some substance to the husband's argument that, having obtained exclusive occupancy of the marital apartment, plaintiff is now in no hurry to proceed to trial, since she has moved to strike the case from the Trial Calendar.

For all of the above reasons, we are persuaded that the grant of exclusive possession of the marital apartment is a matter best

left for determination after trial. Joint custody, on the other hand, was fully considered on the merits and we see no reason why that determination should have been postponed. Concur — Carro, J. P., Bloom, Milonas and Kassal, JJ.